IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH SIMON, #331-539,<br>　　　　　Petitioner | * |
| | * |
| v. | CIVIL ACTION NO. DKC-06-1161 |
| | * |
| WILLIAM WILIAMS, et al.,<br>　　　　　Respondents | * |

*******

## **MEMORANDUM**

　　　　Petitioner, Joseph Simon, an inmate confined at the Maryland House of Correction in Jessup, Maryland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on May 8, 2006. He attacks the constitutionality of his convictions and sentences entered in the Circuit Court for Baltimore City, Maryland. Specifically, Petitioner attacks the entry of his April 25, 2005, guilty plea to felony theft as well as the guilty plea entered by him in an ancillary probation violation proceeding. Paper No. 1.

　　　　Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before filing a petition seeking habeas relief in federal court, Petitioner must exhaust each claim presented to the federal court through remedies available in state court.　 This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

　　　　Upon review of the pleadings, it is clear that Petitioner has not yet exhausted all of his available state court remedies. On January 6, 2004, Petitioner pled guilty in the Circuit Court for Baltimore City, Case Number 103099038, to distribution of a controlled substance. Paper No. 11, Ex. 1. Petitioner was sentenced to ten years in the Maryland Division of Correction. The court suspended 9 years, 2 months, and 19 days of the sentence and placed Petitioner on supervised release for three years. *Id*. While serving his probation, Petitioner pled guilty to felony theft in the

Circuit Court for Baltimore City, in Case Number 804162036. *Id*., Ex. 2. Petitioner was sentenced to "time served" and released on that conviction. *Id*.

Based on the guilty plea entered in Case Number 804162036, a violation of probation proceedings was instituted against Petitioner. On November 8, 2005, Petitioner was found guilty of violating probation in Case Number 103099038. Petitioner's probation was revoked and he was ordered to serve the remainder of his sentence. *Id.*, Ex. 1.

Petitioner filed an application for leave to appeal challenging the revocation of his probation. *Id*., Ex. 1 and 3. Subsequently, Petitioner voluntarily dismissed his application for leave to appeal. *Id.*, Ex. 4 and 5.

On March 13, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court for Baltimore City which was docketed in both Case Number 102099038 and in Case Number 804162036. *Id*. Ex. 6. Petitioner alleged that his guilty plea in Case Number 804162036, which was the predicate to the revocation of probation in case number 103099038, was involuntary and violative of his constitutional rights. *Id*. Petitioner's request for waiver of prepayment of filing fees, attached to the Petition, was denied by the Circuit Court for Baltimore City and the matter was closed. *Id*., Ex. 6. Petitioner did not challenge this determination nor has he sought collateral review of his convictions pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq.[1]

Since Petitioner's claims have not yet been exhausted in the state courts, the court concludes

---

[1] To satisfy the exhaustion requirement Petitioner must argue his grounds to the highest state court with jurisdiction to review his claims. Consequently, if Petitioner's post-conviction petition is unsuccessful at the state circuit court level, he may file an application for leave to appeal with the Maryland Court of Special Appeals. If the Maryland Court of Special Appeals grants or denies Petitioner's application without briefs or argument, there is no further appeal and the exhaustion requirement is satisfied. *See* Md. Cts. & Jud. Proc., § 12-202. If, however, the Maryland Court of Special Appeals grants Petitioner's application, its decision on the merits is reviewable by the Court of Appeals on petition for writ of certiorari. *See* Md. Cts. & Jud. Proc., §§ 12-201, 12-203, 12-307, and 12-308.

that this petition for habeas corpus relief shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for this court to insist on exhaustion before it addresses the issues raised by Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed for the failure to exhaust state court remedies.

A separate Order follows.

|  |  |
|---|---|
| March 20, 2007 | /s/ |
| Date | DEBORAH K. CHASANOW |
|  | United States District Judge |